**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2280-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES E. SANDFORD 3rd,
a/k/a JAMES SANDFORD,
JAMES SANFORD,  and
JAMES E. SANFORD III,

    Defendant-Appellant.

_____

Submitted February 9, 2021 – Decided April 12, 2021

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 08-06-0594.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After pleading guilty to third-degree possession of one tablet of a Alprazolam,[1] a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1), and contempt of a domestic violence restraining order, N.J.S.A. 2C:29-9(b), a disorderly persons offense amended from an indicted fourth-degree charge, defendant James E. Sandford 3rd was sentenced pursuant to a plea agreement on December 4, 2009[2] to an aggregate one-year probationary term. He first filed a post-conviction relief (PCR) petition on December 13, 2016; that was dismissed without prejudice because he had a pending motion to file a direct appeal as if within time. His second PCR petition, filed in December 2017 after the Office of the Public Defender declined to represent defendant on his direct appeal, was also dismissed without prejudice. He appeals from the denial of his third PCR petition which he claims in his merits brief was filed in March 2019, and amended in May 2019, arguing:

> POINT I
>
> AS THERE WAS NO FACTUAL BASIS FOR THE OFFENSE TO WHICH DEFENDANT PLEAD

---

[1] Aprazolam is a generic name for Xanax, Prescriber's Digital Reference, https://pdr.net/drug-information/xanax?druglabelid=1873&id=31 (last visited Mar. 16, 2021), the drug defendant admitted possessing.

[2] The judgment of conviction is dated December 9, 2009.

A-2280-19

GUILTY TO AND COUNSEL FAILED TO ADVISE DEFENDANT OF THE MANDATORY FINES AND PENALTIES THAT HE WOULD BE SUBJECT TO, DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF HIS RIGHT TO COUNSEL, A FAIR TRIAL, AND DUE PROCESS.

    A.    Although The Petition Was Out-Of-Time, There Was Excusable Neglect And The Petition Should Not Have Been Time Barred.

    B.    Defendant Entered A Guilty Plea Without A Factual Basis.

    C.    Defendant Was Not Advised By Counsel Of The Financial And Other Consequences That He Faced By Virtue Of Entering A Plea Of Guilty.  This Represented An Act Of Ineffective Assistance Of Counsel.

    D.    The Trial Court Erred In Failing To Remand This Case For An Evidentiary Hearing.

Defendant's arguments lack sufficient merit to warrant much discussion. Rule 2:11-3(e)(2).  We affirm, adding a brief explanation after reviewing the factual inferences drawn by the PCR judge and his legal conclusions de novo because he did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), and considering "the facts in the light most favorable to [the] defendant," State v. Preciose, 129 N.J. 451, 462-63 (1992).

3

We agree with the PCR judge: defendant's petition was time barred. It was not filed within five years of "the date of entry[,] pursuant to Rule 3:21-5[,] of the judgment of conviction that is being challenged." R. 3:22-12(a)(1). A late filing may be considered if the petition shows excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on their merits. State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013); R. 3:22-12(a)(1)(A).

Defendant failed to meet his burden to support his claim of excusable neglect in his PCR petition. State v. Mitchell, 126 N.J. 565, 576-77 (1992). He claims "the excusable neglect is that Rule [3:9-2] controlling guilty pleas was violated" because the plea judge accepted the guilty plea even though defendant did not admit that he did not have a prescription for the Alprazolam tablet and he was not advised at the time of the plea that he would be subject to mandatory penalties, including: $1,000 drug enforcement and demand reduction (DEDR) penalty, N.J.S.A. 2C:35-15(a)(1)(c); $50 lab fee, N.J.S.A. 2C:35-20(a); and six-month suspension of driving privileges, N.J.S.A. 2C:35-16(a).[3] But those claims do not address the cause of the delay; "more than . . . a plausible explanation for

---

[3] The statute requiring the mandatory suspension of driving privileges was repealed in 2019 with an effective date of January 1, 2021. L. 2019, c. 276, § 20.

[defendant's] failure to file a timely PCR petition" is required. State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Defendant has not offered any explanation for his late filing.

Nor do defendant's claims address other factors to be considered, including "the extent . . . of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Afanador, 151 N.J. 41, 52 (1997); see also Mitchell, 126 N.J. at 580.

Furthermore, even if considered substantively, defendant's arguments hold no water.

The state did not have to establish that defendant did not have a prescription for the Alprazolam tablet, only that Alprazolam is a controlled dangerous substance and defendant knowingly or purposely possessed it. N.J.S.A. 2C:35-10(a)(1); see also Model Jury Charge (Criminal), "Unlawful Possession of a Controlled Dangerous Substance (N.J.S.A. 2C:35-10)" (rev. Jan. 14, 2008). That portion of the statute on which defendant relies: "unless the substance was obtained directly, or pursuant to a valid prescription or order form from a practitioner, while acting in the course of his professional practice," N.J.S.A. 2C:35-10(a)(1), offers a defense to the charge; it is not an element.

A-2280-19

Turning to defendant's other argument, as recognized at sentencing, the supplemental plea forms for drug offenses that list the required DEDR penalty, lab fee and loss of driving privileges were not completed during defendant's plea process; nor were they mentioned during the plea colloquy. But defendant knew he had to pay the mandatory penalties and forfeit his driving privileges on December 4, 2009 because the judge delineated those sanctions when she sentenced him in open court. Yet defendant did not file a PCR until December 13, 2016.[4]

Further, we reject defendant's dubious claim that had he known of the mandatory sanctions, he would have rejected the bare-minimum, one-year non-custodial probationary plea offer and chosen to proceed to trial. He accepted—with notice—all other fines and penalties, and voiced no objection for over seven years to those that were not mentioned during the plea colloquy or in the plea forms. See State v. DiFrisco, 137 N.J. 434, 456-57 (1994) (a defendant who seeks to vacate a guilty plea because of counsel's ineffective assistance must prove, in part, "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on

---

[4] In considering the late filing, we use the filing date of defendant's first PCR petition.

going to trial" (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985))). Moreover, he asserts no claim of innocence or plausible defense to the charges to which he pleaded guilty.

"Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." State v. Afanador, 151 N.J. 41, 52 (1997). "[A] court should relax Rule 3:22-12's bar only under exceptional circumstances." Mitchell, 126 N.J. at 580. Defendant has not shown exceptional circumstances to warrant relief from the time bar. There is insufficient importance to defendant's claims to conclude "there has been an 'injustice' sufficient to relax the time limits." Ibid.

To the extent not addressed, we determine the balance of defendant's arguments, including that he was entitled to an evidentiary hearing, to be without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                                    A-2280-19